1  William D. Symmes
   WITHERSPOON, KELLEY, DAVENPORT
2  & TOOLE, P.S.
   1100 U.S. Bank Building
3  422 W. Riverside Avenue
   Spokane, Washington 99201-0390
4  Telephone:  (509) 624-5265
   Facsimile:   (509) 458-2717
5
   Sheldon H. Klein
6  Leo M. Loughlin
   ARENT FOX PLLC
7  1050 Connecticut Avenue, N.W.
   Washington, D.C. 20036-5339
8  Telephone:  (202) 857-6000
   Facsimile:   (202) 857-6395
9  OF COUNSEL

10 Attorneys for Plaintiff
   FARMERS GROUP, INC.
11

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 13 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

12          **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
13

14 FARMERS GROUP, INC.,
   A Nevada Corporation,                    Case No.  CV-05-002-RHW
15
                    Plaintiff,                     **ORDER FOR**
16                                                 **STIPULATED PROTECTIVE**
        v.                                         **ORDER**
17
   RENE GUERRERO,
18 An Individual,                           Without Oral Argument

19
                    Defendant.
20

21

22          This matter is before the Court on the joint motion of Plaintiff and

23
   Defendant, through their respective counsel, for entry of a Stipulated
24
25 Protective Order, a copy of which is attached hereto.

26

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

1    After reviewing the motion filed herein as well as the records and file,

2    the Court finds that good cause for granting the Motion has been shown.

3    IT IS HEREBY ORDERED that the Stipulated Protective Order

4

5    attached hereto is accepted and entered.

6    DATED this _13_ day of July, 2005.

7

8    _____

9    Honorable Robert H. Whaley
     U. S. District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

[Proposed] Order for Stipulated
Protective Order – Page 2
G:\F\FARMERS V GUERRERO\PLEADINGS\ORDER PROTECTIVE ORDER.DOC

William D. Symmes
WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, Washington 99201-0390
Telephone:  (509) 624-5265
Facsimile:  (509) 458-2717

and

Sheldon H. Klein
Leo M. Loughlin
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
OF COUNSEL

Attorneys for Plaintiff
FARMERS GROUP, INC.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 13 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS GROUP, INC.,<br>A Nevada Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>RENE GUERRERO,<br>An Individual,<br><br>      Defendant. | Case No.  CV-05-002-RHW<br><br>STIPULATED PROTECTIVE ORDER |

It is hereby stipulated and agreed by and between the parties and ordered by the Court that if, in the course of this proceeding, any party has occasion to disclose information deemed by such party, in good faith, to constitute or contain trade secrets or confidential proprietary business information, the following procedures shall be employed and the following

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

restrictions shall govern.

1. Any party may designate as confidential any discovery materials, including without limitation, documents, portions of testimony, interrogatory responses, responses to requests for admissions, transcripts, or any other materials or information produced formally or informally by any party or by entities not parties to this litigation that the designating party reasonably believes in good faith constitutes or contains trade secrets or confidential business information belonging to the designating party that is not generally known and which the designating party would normally not reveal to third parties or would cause third parties to maintain in confidence ("Confidential Information").  This Order contemplates that there will be two levels of Confidential Information in this case, namely, lower-level, "CONFIDENTIAL" information, and higher-level, more sensitive "HIGHLY CONFIDENTIAL" information.  The designation of documents or other materials as Confidential Information shall be made promptly by written notice, either by stamping or printing thereon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, or by providing a separate written notice at the time of production of the documents or other materials to counsel of record for the receiving party.  The designation "HIGHLY CONFIDENTIAL" shall be limited to documents or other materials that are particularly sensitive or confidential, which the producing person or party believes in good faith pose a reasonable risk of competitive harm to the producing person or party should the information become known to a person or party other than the producing person or party, other than as permitted hereunder.  The designation of portions of testimony shall be made at the

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

time of testimony or as provided in Paragraph 14 below, and a separate segregated transcript thereof may be requested by the designating party.

2. When producing original files, records and materials for inspection (as opposed to copies), no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents and materials shall temporarily be considered as containing Confidential Information that is "HIGHLY CONFIDENTIAL." Thereafter, upon selection of specified documents and materials for copying by the inspecting party, the producing party shall designate such copies of the documents and materials as may actually contain Confidential Information in the manner described in Paragraph 1 above at the time any requested copies are produced to the inspecting party.

3. The following procedure shall govern the production and examination of Defendant's computer hard drives:

(a)    The Court will appoint a neutral computer expert who specializes in the field of electronic discovery. The parties will propose such an expert for the Court's consideration, preferably via stipulation. All fees and costs of the neutral computer expert will be borne solely by Plaintiff.

(b)    The computer expert appointed by the Court will, in the presence of counsel for both parties and Defendant (if he so desires), create two "mirror images" of Defendant's hard drives. One mirror image will promptly be filed with the Court under seal, and the other will be retained by the expert.

(c)    The expert will recover, from the mirror image he/she

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
– Page 3

1 has retained, printouts, computer programs and all other available
2 information and data, including files, documents, and programs, together
3 with any information pertaining to any modifications to these items, e.g.,
4 deleted files or documents, or uninstalled programs. The expert will then
5 deliver all recovered information and data, in a format to be mutually agreed
6 upon, to Defendant's counsel, together with the mirror-image he has
7 retained. The expert will not retain any data or information, in any form,
8 from Defendant's hard drives.

9       (d)    Defendant's counsel will review the recovered
10 information and produce to Plaintiff all documents, information, and data
11 that are responsive to any proper discovery request propounded by Plaintiff
12 or otherwise subject to production under Rule 26(a)(1), Fed. R. Civ. P.,
13 unless privileged. Defendant's counsel shall fully identify in a log to be
14 provided to Plaintiff's counsel all documents, information, and data withheld
15 on the basis of privilege. The log shall include at least the following
16 identification information: (i) all persons creating, transmitting, and
17 receiving any privileged or protected communication (unless the identity of
18 such person is privileged); (ii) the date of the communication; and (iii) the
19 general subject matter of the communication.

20      (e)    To the extent any documents, information, and data
21 cannot be retrieved from Defendant's computer hard drives, or the items
22 retrieved are less than the whole of data contained thereon, Defendant's
23 counsel will submit a Declaration to the Court together with a written report
24 signed by the designated expert explaining the limits of the retrieval
25 achieved. The foregoing clause addresses partially deleted or corrupted
26 data, where a portion is readable and retrievable but a portion is not, as well

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

1   as any data that is not retrieved for any reason other than that it "cannot" be
2   retrieved.

3          (f)    The expert will be an officer of the Court, and will be
4   subject to this Protective Order.

5          (g)    To the extent the expert gains access to information
6   protected by the attorney-client privilege or not properly discoverable
7   pursuant to Rule 26(a)(1), Fed. R. Civ. P., such "disclosure" will not result
8   in a waiver of the privilege or any objection.    Plaintiff, by requesting
9   discovery of the computer hard drive, is barred from asserting in this
10  litigation that any such disclosure to the Court designated expert constitutes
11  any waiver by Defendant of any privilege or objection.

12         (h)    There will be no ex parte communications between
13  Plaintiff and/or Plaintiff's counsel and the appointed computer expert, except
14  in regard to payment of the expert's fees.    Copies of all communications
15  with the appointed expert that took place before the date of this Order will
16  be promptly provided to Defendant's counsel.    Copies of all ex parte
17  communications after the date of this Order (which will be limited to the
18  topic of the expert's fees) will be contemporaneously provided to
19  Defendant's counsel.

20  4. Except upon further order of the Court, or by express written
21  consent   of   the   parties,   Confidential   Information   designated   as
22  "CONFIDENTIAL" shall be used or disclosed by the receiving party solely
23  for purposes of prosecuting or defending this action and shall not be
24  disclosed by the recipient to any person or entity other than:

25         (a)    Counsel of record for each party, in-house counsel for
26  such party, members and associates of counsel of record's law firms, legal

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
– Page 5

1  assistants and clerical employees of those firms actively engaged in this
2  case, the parties to this litigation, and up to two other persons who are
3  employees of each party and who are designated by such party to work on
4  this litigation, with disclosure only to the extent necessary to perform such
5  work.    With regard to the parties' in-house counsel, it is expressly
6  understood and agreed that these individuals shall be acting in their capacity
7  as lawyers and not as business advisors, and that no Confidential
8  Information designated as "CONFIDENTIAL" will be used in connection
9  with any business advice rendered by such in-house counsel to their clients
10  nor revealed to non-lawyers employed by any party.

11          (b)    Independent non-employee experts retained by either
12  party for the purpose of this case who have received and read a copy of this
13  Order and have agreed to be bound thereby by executing a declaration in the
14  form attached hereto as Exhibit A.

15          (c)    Any court reporter or typist recording or transcribing
16  testimony in this action and any outside independent document reproduction
17  firm.

18          (d)    The party or person who was originally either the source
19  or recipient of the material.

20          (e)    Such other persons upon whom the parties mutually
21  agree in writing.

22          (f)    Such other persons as the Court may approve after notice
23  and hearing.

24          (g)    Witnesses and potential witnesses who may or may not
25  have had previous access to protected material.  Disclosure to witnesses and
26  potential witnesses will be limited to those the party making disclosure

STIPULATED PROTECTIVE ORDER
– Page 6

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

1 reasonably believes are likely to be called upon to testify, including at

2 deposition, about the protected information they are being shown, and no

3 such witness or potential witness may retain any Confidential Information.

4      (h)    The Court, as provided in Paragraph 9 below.

5      5. Prior to disclosure to any person designated pursuant to Paragraph

6 4(b), (e), (f), or (g) hereof of Confidential Information designated as

7 "CONFIDENTIAL" held by any adverse party, such person shall be

8 furnished with a copy of this Order and shall be required to execute an

9 affidavit in the format attached hereto as Exhibit A certifying that he or she

10 has read this Order, understands it and agrees to be bound by the terms

11 thereof. No person designated pursuant to Paragraph 4(b), (e), (f), or (g)

12 shall  be  given  any  Confidential  Information  designated  as

13 "CONFIDENTIAL" until the party that designated such information as

14 "CONFIDENTIAL" has received a copy of the affidavit.

15

16      6. Except upon further order of the Court, or by express written

17 consent,  Confidential  Information  designated  as  "HIGHLY

18 CONFIDENTIAL" shall be used or disclosed by the receiving party solely

19 for purposes of prosecuting or defending this action and shall not be

20 disclosed by the recipient to any person or entity other than:

21

22      (a)    Counsel of record for each party, members and associates

23 of counsel of record's law firms, and legal assistants and clerical employees

24 of those firms actively engaged in this case.

25      (b)    Independent non-employee experts retained by either

26 party for the purpose of this case who have received and read a copy of this

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

**STIPULATED PROTECTIVE ORDER**
**– Page 7**

1  Order and have agreed to be bound thereby by executing a declaration in the

2  form attached hereto as Exhibit B.

3        (c)    Any court reporter or typist recording or transcribing

4  testimony in this action and any outside independent document reproduction

5  firm.

6        (d)    The party or person who was originally either the source

7  or recipient of the material.

8        (e)    Such other persons upon whom the parties mutually

9  agree in writing.

10        (f)    Such other persons as the Court may approve after notice

11  and hearing.

12        (g)    The Court, as provided in Paragraph 9 below.

13

14  7. Prior to disclosure to any person designated pursuant to Paragraph

15  6(b), (e), or (f) hereof of the Confidential Information designated as

16  "HIGHLY CONFIDENTIAL" held by any adverse party, such person shall

17  be furnished with a copy of this Order and shall be required to execute an

18  affidavit in the format attached hereto as Exhibit B certifying that he or she

19  has read this Order, understands it and agrees to be bound by the terms

20  thereof. No person designated pursuant to Paragraph 6(b), (e), or (f) shall

21  be given any Confidential Information designated as "HIGHLY

22  CONFIDENTIAL" until the party that designated such information as

23  "HIGHLY CONFIDENTIAL" has received a copy of the affidavit.

24

25  8. The recipient of any Confidential Information that is provided

26  pursuant to this order shall maintain such Confidential Information in a

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

**STIPULATED PROTECTIVE ORDER**
**– Page 8**

secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information. There shall be no reproduction of any Confidential Information except that, as reasonably required in the above-captioned litigation, copies, excerpts, or summaries may be shown or given to those persons authorized pursuant to Paragraphs 4 or 6 above.   Except as otherwise provided above, all Confidential Information shall remain in the custody of trial counsel, and in the event that Confidential Information designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or copies thereof leave the custody of trial counsel as provided above, trial counsel shall make their best efforts to retrieve said Confidential Information and see to its return or destruction after the conclusion of this proceeding, pursuant to Paragraph 10 below.

9. Unless otherwise ordered by the Court or agreed to by the parties, all documents and deposition transcripts containing Confidential Information hereafter filed with the Court shall be filed in a sealed envelope with a cover label bearing the caption of the action and one of the following notices:   "CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT" or "HIGHLY CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT," as appropriate.   These items shall not be part of the public record of this case and their contents shall not be revealed to persons other than those listed in Paragraphs 4 (as to any "CONFIDENTIAL" designation) and 6 (as to any "HIGHLY CONFIDENTIAL" designation) above.   If only a portion of a pleading or memorandum filed with the Court contains Confidential Information, a duplicate copy of the non-confidential portion of such

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
– Page 9

1  pleading or memorandum shall be filed with the Court in redacted form for
2  placement in the Court's files which are open to public inspection.

3

4      10.   Within sixty (60) days of the conclusion of this proceeding,
5  including any appeals, all Confidential Information furnished pursuant to
6  the terms of this Order, any drawings related to and notes taken based on
7  said Confidential Information, and all copies thereof, which are not in the
8  custody of the Court, or which are not an exhibit or attachment to any
9  pleading filed in this action, shall be returned to the party furnishing said
10 Confidential Information or destroyed (and certified under penalty of
11 perjury as having been destroyed) by the party in possession thereof.  One
12 copy of any adverse party's Confidential Information which is contained in
13 a discovery deposition transcript or trial deposition transcript or an exhibit
14 to either may be retained by opposing counsel while maintaining the
15 confidentiality thereof.

16

17     11.   The restrictions set forth in the preceding paragraphs shall not
18 apply to Confidential Information which (a) is or becomes public
19 knowledge not in violation of this Order; (b) is acquired by a party to this
20 lawsuit who did not designate the information as Confidential
21 ("nondesignating party") from a third party not under a legal obligation not
22 to disclose such information; (c) was lawfully possessed by a
23 nondesignating party prior to discovery in this case; (d) is disclosed by a
24 nondesignating party because the nondesignating party is legally compelled
25 to disclose the information; or (e) is disclosed by a nondesignating party
26 with the approval of the designating party.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

12.    Acceptance by a party of disclosure of information pursuant to this Order shall not be construed as an admission that the disclosed information constitutes Confidential Information.  This Order shall not prejudice the right of any party to bring before the Court a motion seeking a declaration that information produced by the other party has been wrongfully designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and should not be subject to the terms of this Order, provided, however, that the receiving party shall first attempt to resolve the issue informally with the designating party.  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

13.    Nothing contained in this order shall restrict the use or disclosure of Confidential Information by the party which designated the underlying or constituent matter as Confidential Information.  In the event Confidential Information is used at any deposition in this action by any party, the witness shall be given a copy of this Order and shall use and disclose such information only in accordance with the terms and provisions hereof.

14.    Failure of counsel to designate and/or mark any document, thing, or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

**STIPULATED PROTECTIVE ORDER**
– Page 11

things so designated.  After such designation, such documents and things shall be fully subject to this Order.  The receiving party and its counsel, however, shall incur no liability for disclosures made prior to receipt of notice of such designation.  With respect to depositions and transcripts thereof, each party may conditionally designate depositions or portions thereof to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if it appears that the testimony will involve the discussion of topics appropriate for such a designation.  Within thirty days after the designating party has received a copy of the transcript of the deposition, the designating party shall designate all portions of the transcript which should remain or be additionally    designated    as    "CONFIDENTIAL"    or    "HIGHLY CONFIDENTIAL," and shall advise counsel for the other party in writing of such designation.  If it is deemed to be impracticable to designate only portions   of   the   transcript   as   "CONFIDENTIAL"   or   "HIGHLY CONFIDENTIAL," then the entire transcript may be so designated.  If no such redesignation of confidentiality is made within the aforementioned thirty days, the transcript shall thereafter be deemed to contain no Confidential Information.

15.    If, in the judgment of a party's counsel, it is necessary to seek to disclose an opposing party's Confidential Information designated as "CONFIDENTIAL" to an employee of his/her client in order to properly prepare for trial, and that employee is not one of the persons entitled to view Confidential Information pursuant to Paragraph 4 above, the following procedure shall be employed:

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

(a)    Counsel shall notify opposing counsel in writing, identifying the specific documents or Confidential Information designated as "CONFIDENTIAL" he or she wishes to disclose and the identity of the employee(s) to whom it will be disclosed, including each such employee's title and a summary of their job responsibilities.

(b)    If opposing counsel does not object to the disclosure within ten (10) business days after receiving the aforesaid notification, the disclosure may be made.  However, each such employee shall execute an affidavit in the form attached hereto as Exhibit A by which such employee consents to be bound by the terms of this Order.

(c)    If opposing counsel objects to the disclosure, and mutual agreement of the parties cannot be reached, the party seeking such disclosure may file a motion with the Court seeking leave to make the disclosure.  Any such motion shall specify the information sought to be disclosed and the reasons supporting the claim that the case cannot be adequately prepared for trial or tried unless the disclosure is made.

16.    In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court and the United States District Court for the district that has jurisdiction over the person or party has personal jurisdiction over it and them for the purpose of enforcing this Order.

17. Nothing in this Order will preclude either party to this lawsuit, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as "Confidential Information."

18. Nothing in this Order may preclude any party to the lawsuit or their attorneys (a) from showing a document or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an individual who either prepared or reviewed the document or thing prior to the filing of this

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

action, (b) from showing a transcript of testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an individual who gave such testimony, or (c) from disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files which the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

19. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 19, inclusive, hereof.

DATED this 11th day of July, 2005.

s/ William D. Symmes
William D. Symmes, WSBA #683
WITHERSPOON, KELLEY,
DAVENPORT & TOOLE, P.S.
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, WA 99201-0390
Telephone: (509) 624-5265

Per telephonic approval
Peter Joseph Johnson, WSBA #6195
JOHNSON LAW GROUP PS INC.
700 Lincoln Building
818 W. Riverside Avenue
Spokane, WA 99201
Telephone: (509) 835-5000

Sheldon H. Klein
Leo M. Loughlin
ARENT FOX PLLC
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
ATTORNEYS FOR PLAINTIFF

David K. Daggett, WSBA #28359
PRESTON GATES & ELLIS LLP
601 W. Riverside Avenue
Suite 1400
Spokane, WA 99201-0636
Telephone: (509) 624-2100
ATTORNEYS FOR DEFENDANT

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
~ Page 15

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on the 11th day of July, 2005, I electronically

3

filed the foregoing STIPULATED PROTECTIVE ORDER with the Clerk of
the Court using the CM/ECF System, which will send notification of such

4

filing to the following: Peter Joseph Johnson of Johnson Law Group PS Inc.
and to David K. Daggett of Preston Gates & Ellis LLP; and I hereby certify

5

that I have mailed by United States Postal Service the document to the
following non-CM/ECF participants:

6

Sheldon H. Klein                __X__ U.S. Mail

7

Leo M. Loughlin                _____ Hand Delivery
ARENT FOX PLLC            _____ Overnight Delivery

8

1050 Connecticut Avenue N.W.    _____ Facsimile Transmission
Washington, D.C. 20036-5339

9

10

                 s/ William D. Symmes

11

                 William D. Symmes, WSBA #683
                 WITHERSPOON, KELLEY, DAVENPORT

12

                    & TOOLE
                 ATTORNEY FOR PLAINTIFF

13

                 1100 U.S. Bank Building
                 422 West Riverside Avenue

14

                 Spokane, WA 99201-0300
                 Phone: 509-624-5265  Facsimile: 509-458-2728

15

                 E-mail: wds@wkdtlaw.com

16

17

18

19

20

21

22

23

24

25

26

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

**STIPULATED PROTECTIVE ORDER**
– Page 16

EXHIBIT A

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS GROUP, INC.,<br>A Nevada Corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>RENE GUERRERO,<br>An Individual,<br><br>       Defendant. | Case No.  CV-05-002-RHW<br><br>DECLARATION |

1.     My name is _____. I live at _____

_____. I am employed as _____

by _____.

2.     I am aware that a Protective Order has been entered in the case

of Farmers Group, Inc. v. Rene Guerrero, Case No. CV-05-002-RHW, and a

copy thereof has been given to me.

3.     Confidential Information designated as "CONFIDENTIAL"

that has been disclosed to me under the Protective Order entered in this case

will be used by me only in connection with the above-captioned matter.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

4.    I will not disclose or discuss such Confidential Information designated as "CONFIDENTIAL" with any person other than counsel, their assistants and staff, the parties to this litigation,  or other outside persons designated by counsel pursuant to the Protective Order who have also signed declarations undertaking to preserve the confidentiality of such Confidential Information.

5.    I understand that any use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions, and I hereby agree to subject myself to the personal jurisdiction of this Court and the United States District Court for the jurisdiction in which I reside for this purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____    Signed: _____
　　　　　　　　　　　(date)　　　　　　　　　　　　　(name)

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

**STIPULATED PROTECTIVE ORDER**
**– Page 18**

1                                                                              **EXHIBIT B**

2                          **UNITED STATES DISTRICT COURT**
                           **EASTERN DISTRICT OF WASHINGTON**

3

4    FARMERS GROUP, INC.,                    Case No.  CV-05-002-RHW
     A Nevada Corporation,

5                                            DECLARATION
              Plaintiff,

6

7         v.

8    RENE GUERRERO,
     An Individual,

9

              Defendant.

10

11

12        1.     My name is _____. I live at _____

13
     _____. I am employed as _____
14

15   by _____.

16        2.     I am aware that a Protective Order has been entered in the case

17
     of <u>Farmers Group, Inc. v. Rene Guerrero</u>, Case No. CV-05-002-RHW, and a
18

19   copy thereof has been given to me.

20        3.     Confidential Information designated as "CONFIDENTIAL" or

21
     "HIGHLY CONFIDENTIAL" disclosed to me under the Protective Order
22

23   entered in this case will be used by me <u>only</u> in connection with the above-

24
     captioned matter.
25

26

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
– Page 19

4.      I will not disclose or discuss such Confidential Information designated as "HIGHLY CONFIDENTIAL" with any person other than outside counsel, their assistants and staff, or other outside persons designated by counsel pursuant to the Protective Order who have also signed declarations undertaking to preserve the confidentiality of such Confidential Information designated as "HIGHLY CONFIDENTIAL."

5.      I will not disclose or discuss such Confidential Information designated as "CONFIDENTIAL" with any person other than counsel, their assistants and staff, the parties to this litigation, or other outside persons designated by counsel pursuant to the Protective Order who have also signed declarations undertaking to preserve the confidentiality of such Confidential Information designated as "CONFIDENTIAL."

6.      I understand that any use of Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in any manner contrary to the provisions of the Protective Order may subject me to sanctions, and I hereby agree to subject myself to the personal jurisdiction of this Court and the United States District Court for the jurisdiction in which I reside for this purpose.

STIPULATED PROTECTIVE ORDER
– Page 20

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

1    I declare under penalty of perjury that the foregoing is true and

2  correct.

3

4  Executed on: _____    Signed: _____
                    (date)                        (name)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELING
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON
(509) 624-5265

STIPULATED PROTECTIVE ORDER
– Page 21